129 So.2d 702 (1961)
Donald R. PETRUS, Appellant,
v.
James W. BUNNELL and Elizabeth Bunnell, his wife, Appellees.
No. 1942.
District Court of Appeal of Florida. Second District.
April 14, 1961.
Rehearing Denied May 24, 1961.
J. Russell Hornsby, of Hornsby & Newman, Orlando, for appellant.
Benjamin, F. Smathers, of Andrews & Smathers, Orlando, for appellees.
SMITH, CULVER, Associate Judge.
This is an appeal by plaintiff below, from a decree rendered in favor of the defendants. Appellant, a contractor, and the appellees entered into a written contract for construction of a home. The suit arose out of the refusal of appellees to make the final payment, alleged by appellant to be due and owing. The contract was primarily a cost plus ten percent arrangement. It contained no mention of total price, nor any amount as a maximum cost. The Chancellor admitted parol evidence to the effect that the contractor's estimate was $28,303.84, which evidence was introduced by appellant himself. Evidence was also admitted showing long negotiations between *703 the parties, and that appellees stressed the fact that the house must not cost more than $30,000, which was the amount of a loan secured for its construction. The major question to be determined is whether or not the Chancellor properly admitted this parol evidence. In other words, did its admission violate the parol evidence rule?
An examination of the contract here involved reveals that it obligated appellees to reimburse the contractor for all costs "necessarily incurred in the performance of the contract." It further stipulated that the contractor should provide all labor and materials and do all things necessary for the proper construction of the home, but nowhere does a cost limitation appear. In 13 Fla.Jur. § 394, page 392, the following appears:
"To invoke the rule permitting the introduction of parol evidence as described in the foregoing section, it should appear that the contract in writing was not intended to be a complete and final statement of the whole transaction between the parties. This intent cannot be ascertained by any one rule. But the chief and most satisfactory index is found in the circumstance of whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If the fact sought to be established is not only dealt with in the written contract but is fully covered thereby, parol evidence with respect to the collateral matter is not admissible. But if it is not dealt with at all in the writing, it is presumed that the writing or writings do not represent all the transaction on that element, and parol evidence in proof of such element is admissible."
The case of Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367, 369, seems to be in point. In that case, the plaintiff-architect and the defendant entered into a written contract providing for the drawing of plans for a clinic and hospital. The fee was to be 6%, but no mention was made of what the cost of construction would be. The trial judge permitted the introduction of parol evidence to prove that there was a cost limitation fixed by the defendant for the building, which limitation had been exceeded by the plaintiff. The holding was for the defendant, which holding was affirmed by the Supreme Court of Louisiana. With specific reference to the admission of parol evidence, the Court said:
"In the present case, the amount of money for the structural cost is not set forth, and only through parole (sic) evidence can the intention of the parties as to whether there was a cost limitation or whether the plaintiff was to have carte blanche as to the cost be determined. The evidence was properly received. The district judge found that there was a cost limitation, and we are not disposed to disturb that finding."
In 49 A.L.R.2d at page 679, there is an annotation entitled "application of parol evidence rule in action on contract for architect's services." We believe there is no essential difference in the principle in an architect's contract, based on a percentage of cost of construction, and a builder's contract calling for cost plus a percentage. In the introduction to the annotation it is said:
"The question whether parol evidence will be admitted for the purpose of showing that the parties to a written contract for an architect's services had agreed that the structure to be designed should be such that it could be erected within a maximum cost limitation necessarily depends upon the terms of the written contract in suit, that is, the extent to which that contract appears, on its face, to be a complete and unambiguous integration of the agreement.
"In the great majority of the cases where the question has been raised the evidence has been held admissible, usually on the ground that the written *704 contract failed to disclose the parties' intention as to the cost of the structure contemplated, and that such contemplated cost was an element which must have entered into the negotiations."
In Almand v. Alexander, 180 Ark. 947, 23 S.W.2d 611, 612, where appellant and appellee had entered into an architect's written contract calling for a fee to appellant of 10% of the cost of construction, it being silent as to any limitation on such cost of construction, the trial court allowed evidence to be introduced concerning an alleged oral agreement that the cost should not exceed $25,000. On appeal, the Supreme Court of Arkansas stated:
"Appellant contends for a reversal of the judgment because the court admitted evidence as to an oral agreement limiting the cost of the residence to $25,000 upon the theory that the parol evidence varied and contradicted the written agreement. There is no better settled rule of law than that unambiguous written contracts cannot be altered or contradicted by parol evidence. The maximum cost of the residence was not fixed in the written contract; hence, the introduction of parol evidence as to the maximum cost thereof would not and could not vary and contradict the written contract. If the written contract had fixed the maximum cost of the residence or had based the fee on the cost, irrespective of the amount, then the rule contended for by appellant would have applied. As the parol evidence did not vary or contradict the written contract, it was admissible in explanation of and as part of the contract between the parties."
We think the case now before us falls under the rules hereinabove cited. Here we have the situation of a contract, silent as to any maximum amount of cost. Parol evidence on this subject does not alter or contradict any of its terms, but merely supplies a missing element. It is our holding that the Court below properly admitted parol evidence on this subject.
Having so held, we do not believe it is necessary to go further in any great detail. The record contains ample evidence to support the factual findings of the Chancellor, set forth in his memorandum opinions, and to uphold his final decree. Finding no reversible error, the decree of the lower Court is hereby affirmed.
KANNER, Acting C.J., and SHANNON, J., concur.