Mack CLARK and Mauritz E. FRIBERG *v.* A. F. MADEIRA et ux

5-5778                                          477 S.W. 2d 817

Opinion delivered March 20, 1972

*Paul Jackson, J. E. Simpson* and *Thomas D. Ledbetter,* for appellants.

*John O. Mayberry* and *Louis E. Epley Jr.,* for appellees.

George Rose Smith, Justice. In 1968 the appellees, A. F. Madeira and his wife, who were then living in Florida, bought a fairly old house in Eureka Springs, Arkansas They employed one of the appellants, Maruitz E. Friberg, an architect, to prepare plans and specifications for exten-

sively remodeling the house and to supervise the actual remodeling job. The Madeiras employed the other appellant, Mack Clark, as the principal contractor for the project. The architect, for his services, was to receive 6% of the total cost of the work. The contractor was to receive his actual expense for labor and material, plus 10%.

Written contracts were drawn by Friberg and were executed by the Madeiras with Clark and with three subcontractors. The contracts contemplated that the entire job would cost about $23,000 and would be completed in 90 days. The job eventually cost about $43,000 and was completed in about 15 months. The Madeiras brought this action for damages for breach of contract, asserting negligence, incompetence, poor workmanship, and unnecessary delay in the completion of the project. The jury returned a verdict for $5,000 against Friberg, the architect. The verdict against Clark, the contractor, was for $2,344.01, which was the same amount that the jury found to be still owed by the Madeiras to Clark upon his contract.

The parties have not brought up the complete record, but apparently the issues were submitted to the jury upon ten special interrogatories. For reversal Friberg first contends that the court erred in not submitting to the jury an interrogatory to determine the amount still due to Friberg upon his 6% fee. No error is shown, for the record before us does not indicate that there was any request for the court to submit such an interrogatory. *Christensen* v. *Dady,* 238 Ark. 577, 383 S.W. 2d 283 (1964); *Mizell* v. *West,* 299 Ark. 224, 314 S.W. 2d 216 (1958).

Alternatively, Friberg argues that the court should have granted his motion for judgment notwithstanding the verdict. Such a motion would have been proper if the undisputed testimony had established Friberg's right to recover. *Spink* v. *Mourton,* 235 Ark. 919, 362 S.W. 2d 665 (1962). Friberg is mistaken, however, in arguing that he was in any event entitled to a 6% fee upon the total cost of the project. One cannot profit by his own wrong. Consequently an architect whose cost estimate is culpably below the actual cost of the job is not entitled to a commission upon the excess. *Miller* v. *San Francisco Church Ext. Soc.,*

125 Cal. App. 85, 13 P. 2d 824 (1932); *Edwards* v. *Hall.,* 293 Pa. 97, 141 A. 638 (1928); *Headlund* v. *Daniels,* 50 Utah 381, 167 P. 1170 (1917). Our decision in *Almand* v. *Alexander,* 180 Ark. 947, 23 S.W. 2d 611 (1930), is essentially to the same effect. We must conclude that the motion for judgment notwithstanding the verdict was correctly denied.

Clark, the contractor, insists that the jury's verdict against him for $2,344.01 is not fully supported by the evidence. With that contention we agree. The Madeiras asserted causes of action against Clark both for his failure to perform the work according to the plans and specifications and for his failure to complete the work within the time fixed by the contract. Both issues were submitted to the jury by special interrogatories. In response to Interrogatory 6 the jury found that Clark had performed the work and furnished the materials in compliance with the contract. Pursuant to that finding the jury further determined that the Madeiras still owed Clark $2,344.01 on the contract. By Interrogatory 10 the jury found that Clark did not perform the contract (as modified by the parties) within the time specified. Damages caused by that delay were fixed by the jury at $2,344.01.

We do not agree with the appellees' argument that in response to Interrogatory 10 the jury could have awarded damages for breach of contract in addition to damages for delay. The jury had already determined, in response to Interrogatory 6, that Clark performed the contract according to the plans and specifications. That finding left in issue, under the interrogatories, only the possibility of damages for delay. Upon that question the proof as abstracted sustains only an award of $342.16 for the rental of accommodations occupied by the Madeiras while they were forced to wait for the completion of the remodeling project. No other compensable pecuniary loss is shown. Although there is proof that Clark was unnecessarily slow in completing the work, the jury apparently was not furnished with sufficient facts to support a determination of the pecuniary loss that resulted from Clark's slowness. The judgment against Clark must therefore be reduced to $324.-16, which leaves a net award of $2,019.85 in Clarks favor.

In considering the case we have been handicapped by the fact that the parties have included in the record only the testimony adduced by the Madeiras. We have considered in conference the possibility of asking the Madeiras to supply the rest ot the testimony, but such a request would not be justified in the situation before us. The appellants at first designated for inclusion in the record only the Madeiras' testimony on chief. The appellees then designated the rest of the testimony, but the appellants failed to comply with that designation when they lodged the record here. In that situation the appellees could have moved for a dismissal of the appeal, if the appellants refused to supply the deficiency. *Ark. Farmers Assn.* v. *Towns,* 232 Ark. 997, 342 S.W. 2d 83 (1961). Instead, the appellees aquiesced in the appellants' failure to bring up the complete record, doubtless because the missing testimony would not have been beneficial to the appellees. Hence we must treat the record as having been abbreviated without objection, which precludes us from assuming that the jury's verdict is supported by matter omitted from the record. Ark. Stat. Ann. § 27-2127.6 (Repl. 1962); *Southern Farmers Assn.* v. *Wyatt,* 234 Ark. 649, 353 S.W. 2d 531 (1962).

Modified and affirmed.

Byrd, J., dissents.

Conley Byrd, Justice, dissenting. I disagree with that part of the opinion that grants a judgment in favor of Clark.

Appellees brought this action for damages due to delay against both appellants Friberg and Clark. Clark cross complained for the balance due on his contract for cost plus ten percent of labor and materials. After judgment was entered Friberg and Clark appealed designating only that portion of the record as "the Plaintiff's Case in Chief." The Madeiras then cross appealed and designated the whole record. However, the only record before us contains only the plaintiff's case in chief.

During the trial Madeira testified that Clark did not perform his work within the agreed 90 days and that during that time the house had not been roofed, the doors

were left open and the floors and subfloors buckled from water damage. Other testimony by Madeira shows that Clark took two to three times as many hours to perform the task he contracted to do as a carpenter should have taken. Mr. Madeira's testimony as abstracted is as follows:

"I was there and watched Mr. Clark start to put the siding on that east side. He had a ladder on the terrace. He had a ladder on this side of the building, this end of the building. He had another one down on the ground on that end of the building. He got up and took his measurements. Well, a measurement out here and a measurement down there and added them together and came back down. Forgot the measurements, went back and took them again and this time wrote them down on a little piece of wood because he had made the statement several times he has trouble remembering measurements, that's the reason he writes them down. He went back and he sawed. He, of course, made a bevel on the edge like this. Now, he climbed the middle ladder with this board and he took one end in over here, but this end was too long. Now, he had to climb down again, go across over here to the carport, get the radial saw and cut off a little bit more, brought it back, came up here, put it in here on this side. It was a little long still. He went back the second time and he cut it. This time it fit when he got up there. Now, he's climbing up in the middle, and this time he put a nail in the middle, and down that ladder, across over here, up this ladder and another nail over here, and down off of that ladder over here to this side of the building, up that ladder to put a nail in over there. Then, to nail that, he had to keep moving that ladder across this way to get the nails in. This was every board. Now, this takes time. There are people that, in this work, that, I suppose, are known as fast workers, and there are those that are not known as fast workers; and I'm afraid Mr. Clark, to me, is a man that is not a fast worker. And the weeks went by and the weeks went by and the money went on."

Before Clark could show to the jury on his counter-

claim that he had $2,344.01 due under his cost plus contract he would have been forced to show the number of hours worked and the material purchased including that to correct the buckled subfloor. When the jury saw the number of hours worked on the project involved, they with a little common sense could have calculated that Clark's excessive hours exceeded or equaled the amount of money he still thought was due him on the contract (Clark's counterclaim does not allege any specific sum as due).

It has been suggested that we must rule on the record before us because of Ark. Stat. Ann. § 27-2127.6 (Repl. 1962), which provides:

"All matters not essential to the decision of the questions presented by the appeal shall be omitted. Formal parts of all exhibits and more than one copy of any document shall be excluded. Documents shall be abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties. Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency. Where the record has been abbreviated by agreement or without objection from opposing parties, no presumption shall be indulged that the findings of the trial court are supported by any matter omitted from the record."

If we must jettison our common sense and presume that the jury's findings are not supported by anything not in the record, then we should at least give the Madeiras, who also appealed, the opportunity to supply any

deficiencies in the record in accordance with that portion of the above statute that provides:

> ". . .Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency. . . ."

Where as here common sense dictates that the record is deficient, surely we ought to apply the foregoing.

For these reasons I respectfully dissent.