MANN, Judge.
Dan Rowan wanted a beach house like the one a friend had paid Potter $25,-000 to build. He wanted a few things changed, and asked Potter for a bid. “$41,-500,” said Potter. “Too much,” replied Rowan. Potter then suggested that Rowan might save a couple of thousand dollars if Potter did the job on a cost-plus basis. They signed a contract on a standard form, after striking through a clause which read: “Verbal agreement will definitely not be binding on either the Owner or Contractor.” Both Potter and Rowan initialed this deletion. That deletion from the standard contract is the only fact differentiating this case from Petrus v. Bunnell, Fla.App.2d 1961, 129 So.2d 702, and it strengthens Rowan’s side of this case. In Petrus this court held that while parol evidence is inadmissible to vary the terms of a written agreement, it is admissible to supply a missing term. Judge Culver Smith’s opinion for this court in Petrus collects all the au *122 thority needed to explain why the trial judge correctly allowed testimony to prove that there was in fact a ceiling price of $41,500 agreed to by the parties. Petrus is also reported at 84 A.L.R.2d 132, and a pertinent annotation follows. The trial judge’s admission of parol evidence and his finding that there was in fact a ceiling of $41,500 on the cost-plus contract is affirmed.
The trial judge erroneously determined that there was no “prevailing party” in the Circuit Court, which had the effect of denying attorney’s fees pursuant to Fla.Stat. § 713.29, F.S.A. The Third District Court of Appeal said in Sharpe v. Ceco Corp., 1970, 242 So.2d 464, that the prevailing party is the one “who has affirmative judgment rendered in his favor at the conclusion of the entire case.” That case was rightly decided, and allowed fees to a subcontractor which recovered less than it claimed. What the opinion doesn’t emphasize is that Ceco recovered more than the owner and general contractor admitted to be due. Thus Ceco was a prevailing party. Here Rowan initiated the action, conceded about $3700 in extras that he might have quibbled about but was at least morally responsible for, and paid into the registry of the court exactly the sum the trial court found due to Potter. Unlike the owner in Sharpe and Emery v. International Glass & Mfg., Inc., Fla.App.2d 1971, 249 So.2d 496, Rowan from the very outset tendered the amount technically adjudged to be due Potter. He “prevailed” in every sense of the word. As Judge Walden said in H. D. McPherson, Inc. v. Metro Electric of Orlando, Inc., Fla.App.4th 1971, 253 So.2d 878, “we interpret ‘prevailing party’ to be just that — the party who prevails.” This aspect of the judgment is erroneous.
Affirmed in part and reversed in part.
LILES, Acting C. J., and HOBSON, J., concur.