448 So.2d 570 (1984)
CENTURY PROPERTIES, INC., d/b/a Westlake Homes, and Richard A. Simons, Appellants/Cross-Appellees,
v.
Sam MACHTINGER and Patricia Machtinger, Appellees/Cross-Appellants.
No. 83-1130.
District Court of Appeal of Florida, Second District.
April 6, 1984.
*571 Hugh E. Reams of Goldner, Reams, Marger, Davis, Piper & Kiernan, P.A., St. Petersburg, for appellants/cross-appellees.
Dennis M. Janssen of C. Wade Yeakle, III, P.A., St. Petersburg, for appellees/cross-appellants.
CAMPBELL, Judge.
Appellants, Century Properties, Inc. and Richard A. Simons, seek review of a final judgment entered against them in the amount of $10,500 for actual damages, and the award of punitive damages of $3,500 against appellant, Century Properties, Inc., due to a construction contract dispute involving charges for change orders which deviated from the original contract. A cross-appeal was filed in this case. We affirm the award of compensatory damages as well as the point raised on cross-appeal. We reverse the award of punitive damages.
The jury awarded punitive damages to appellees, Sam Machtinger and Patricia Machtinger, based on their claim of fraud in the inducement to contract based on the charges for change orders. Appellants contend that the punitive damages issue was improperly sent to the jury because there was insufficient evidence to support a *572 finding of fraud in the inducement. They also claim that parol evidence was improperly admitted regarding the amount to be billed for change orders.
Appellants and appellees entered into a contract for construction of appellees' residence. Paragraph nine of the contract provided:
Should the Buyer at any time during the course of construction require any alteration of or deviation from the final plans and specifications, he shall have the right and power to make such changes when practicable. Such changes shall be added to or deducted from the amount of the purchase price as stated above. Seller shall have the right any time after issuance of the building permit for construction of the residence to additionally impose a $50 service charge for each meeting necessary to effect changes or addendum to the final plans or specifications. Furthermore, any such change orders made after construction is commenced shall also enlarge the estimated time for completion of construction as may be determined by the Seller.
As is apparent, that paragraph is silent as to any method or manner in which appellants would charge for those change orders. Neither is a method for charging for change orders found elsewhere in the contract.
Paragraph twelve of the contract provides in part:
This contract states the entire agreement between the parties and the Seller is not and shall not be bound by any stipulations, representations, agreements or promises, oral or otherwise, not printed or inserted in this contract.
There were some twenty-one change orders made during the course of the contract. At trial, appellees were allowed to testify that prior to signing the contract, appellants stated that any changes, upgrades or modifications would be done at the cost to appellant Century Properties, Inc. Appellees testified that they chose appellants to build their house because of this promise to make changes at cost.
After the closing, appellees discovered they had been overcharged on some but not all of the change orders and filed suit against appellants, which resulted in this appeal.
We note that appellees signed a contract which made no mention of what they claim was an essential element. Even so, parol evidence is admissible to show fraud or misrepresentation in the inducement to contract. Central Mutual Insurance Co. v. Cropper, 296 So.2d 69 (Fla. 2d DCA 1974). In Central Insurance, it became clear that material misrepresentations made on an insurance application, or during "negotiations" for a policy, could be presented via parol evidence. However, that type of misrepresentation is of matters that go to the very heart of the basic agreement between the parties.
Here, the alleged misrepresentations concerned billing for change orders. The change orders were deviations from the original contract. We cannot say that misrepresentations as to the method of billing for deviations from the basic contract go to the heart of the agreement between the parties.
Nonetheless, we conclude that parol evidence was admissible to supply a missing element regarding appellants' promises concerning change order billing. Petrus v. Bunnell, 129 So.2d 702 (Fla. 2d DCA 1961).
Appellants claim, however, that the parol evidence admitted does not constitute actionable fraud so as to support the punitive damages award. Appellants argue that that evidence, construed in the worst light as to them, merely demonstrates breach of contract.
We agree with appellants' contentions that punitive damages cannot be recovered for a mere breach of contract; fraud cannot be predicated solely upon the failure to perform a promise. Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465 (Fla. 3d DCA 1969). However, a promise may be a basis for fraud where there is evidence the promisor *573 had a specific intent not to perform at the time the promise was made. Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699 (Fla. 4th DCA 1981).
Here, there was no evidence presented at trial that appellants intended to breach the promise regarding billing at the time the contract was entered. The appellees rely upon the circumstantial evidence of appellants' subsequent overcharges to prove appellants' alleged prior fraudulent intent. Not all of the change orders resulted in overcharges and that, in itself, might indicate a lack of prior fraudulent intent on the part of appellants rather than a preconceived intent to fraudulently induce appellees to enter into the contract. The parol evidence was admissible to supply the missing terms for the purpose of proving compensatory damages. However, the substantive evidence of breach of that promise alone is insufficient for the jury to find a pre-existing intent not to perform and is not adequate to sustain punitive damages based on fraud in the inducement to contract. While not probable, it was at least possible that appellees would have initiated no change orders and, therefore, no charges would have come about, and the fraud, if any, therefore, would never have been operative. The existence of fraud will not be presumed based on doubtful or vague parol evidence. While the proof may be wholly circumstantial, it is always incumbent upon the person asserting fraud to prove it by clear and convincing evidence. Since honesty, not fraud, is presumed where the facts may be fairly and reasonably reconciled with honesty and pure dealing, the existence of fraud will not be presumed. Florida East Coast Railway Company v. Thompson, 93 Fla. 30, 111 So. 525 (Fla. 1927); GARD, Florida Evidence, Second Edition, Rules 3:09, 23:04.
GRIMES, A.C.J., and LEHAN, J., concur.