SHEVIN, Judge.
New Florida Properties Corp. and New Florida International Corp. [collectively “New Florida”] appeal, and Gene Contracting, Inc. [GCI], cross-appeals a final judgment. We reverse the judgment as to the fraud claim and affirm the remaining portions.
New Florida entered into a demolition contract with GCI for removal of certain structures from New Florida’s property. After the work was completed, there was a dispute as to the payment of the contract balance and the interest totaling approximately $114,000. New Florida and GCI entered into an escrow agreement to set aside the unpaid balance of the contract from which an undetermined damage amount was to be deducted. Thereafter, New Florida paid GCI approximately $94,000 and deposited $20,000 in an escrow fund. At that time the parties were only aware of damage to the adjoining properties. Subsequently, the parties were unable to agree on the scope of the damages covered by the- escrow fund.[1] GCI filed this action against New Florida for breach of the escrow' agreement and for fraudulently inducing GCI to enter into an escrow agreement.[2] The jury found in favor of GCI on both claims.
We agree with New Florida that the fraud judgment may not stand. Nothing in the record supports a conclusion that New Florida made an intentional misrepresentation to induce GCI to enter into the agreement in an effort not to pay GCI the contract balance. See Century Properties, Inc. v. Machtinger, 448 So.2d 570 (Fla. 2d DCA 1984)(no evidence that party intended to breach promise regarding billing at the time the contract was executed). Instead, the record belies any intent not to pay GCI: New Florida relinquished the contract balance to the escrow agent and could not regain any portion of the funds absent GCI’s agreement or prevailing in a *516 lawsuit. The parties’ dispute over the scope of the damage provision provides no basis for a fraudulent inducement claim. New Florida -only knew of the damages to the adjoining', property at the time the parties executed the agreement. As such, it could not have known that any representation as .to the damages to be deducted was false at that time. See Checkers Drive-In Restaurants, Inc. v. Tampa Checkmate Food Servs., Inc., 805 So.2d 941, 943-44 (Fla. 2d DCA 2001)(no evidence that defendant’s statement was false or misleading at the time it was made). In addition, any contention that New Florida induced GCI to enter into the escrow-agreement in an attempt to recover damages for the debris found buried on the property does not support the fraudulent inducement claim. It is undisputed that New Florida learned of the remaining debris after the execution of the agreement. Accordingly, the judgment on the fraud claim is reversed-. As” to the remaining points raised on appeal and cross-appeal, we affirm.
Affirmed, in part and reversed, in part.

. GCI contended that the escrow agreement only encompassed damage to adjoining properties. New Florida argued that the scope of the agreement contemplated any other damages that might arise.

. New Florida filed a counterclaim against GCI to recover damages for removal of the debris found buried on the site after GCI completed demolition. The jury rejected New Florida's claim.