ALTENBERND, Judge.
 

 Mr. and Mrs. Bacon, as well as their corporation, Bacon & Bacon Manufacturing Co., Inc. (the Bacons), appeal a judgment in favor of B & B Manufacturing, Inc., Bonsey Partners, and various members of the Bonsey family (the Bonseys). We reverse and remand the judgment entered after a nonjury trial because the trial court relied upon the wrong burden of proof. Additionally, the trial court claimed to have been troubled by a stacking of inferences within the evidence. It relied upon the law relating to the granting of a directed verdict in a case that is tried by a jury. But there was no jury in this case, and because of the nature of the circumstantial evidence, we are unconvinced that the trial court was required to rule against the Bacons. Accordingly, we reverse the judgment and remand this case for the trial court to utilize the correct burden of proof and to reconsider the role of the circumstantial evidence in this record.
 

 This case involves claims of fraudulent and negligent misrepresentation during the negotiations leading up to the creation of a contract to sell the Bonseys’ machine shop to the Bacons. The Bacons argue that the Bonseys induced them to enter into the contract by making several misrepresentations. Primarily, they argue that the Bonseys knew the machine shop’s best client was in the final stages of building an in-house machine shop that could produce parts that were even more sophisticated than the parts the Bonseys had supplied for many years. The Bacons claim that the Bonseys required them to sign certain confidentiality and nondisclosure agreements that prevented the Ba-cons from discovering these facts on their own during the due diligence period. During the negotiations, the Bacons specifically asked whether the Bonseys knew of anything that might affect the machine shop’s retention of its best customer. It is essentially undisputed that the Bonseys told the Bacons that there were no such circumstances and that the Bacons could expect “business as usual.”
 
 [1]
 
 The Bacons maintain that they would not have purchased the shop, or perhaps would have purchased the shop at a reduced price, if they had known that the Bonseys’ best customer was expanding its machine shop. It is undisputed that this critical client of the machine shop ended its long-term rela
 
 *1287
 
 tionship with the shop within forty-five days of the Bacons’ purchase of the business.
 

 At the close of the Bacons’ case and in written submissions at the end of the trial, the Bonseys’ attorney argued that the Bacons were required to prove this case by clear and convincing evidence. Their attorney relied on this court’s decision in
 
 Century Properties, Inc. v. Machtinger,
 
 448 So.2d 570 (Fla. 2d DCA 1984). That case admittedly states that fraud must be proven by clear and con vincing evidence.
 
 Id.
 
 at 573 (“[I]t is always incumbent upon the person asserting fraud to prove it by clear and convincing evidence.”). Until today, no subsequent case has expressly stated that
 
 Century Properties
 
 is no longer good law. On the other hand, the supreme court changed the burden of proof for fraud to the greater weight of the evidence in 1985.
 
 See Wieczoreck v. H & H Builders, Inc.,
 
 475 So.2d 227, 228 (Fla.1985). The Bacons provided the trial court with more recent authority demonstrating the correct burden of proof. This lesser burden of proof has long been described in the standard jury instruction for use in cases of fraud and misrepresentation.
 
 See
 
 Fla. Std. Jury Instr. (Civ.) 409.2. It is difficult to fathom how the Bonseys’ attorney made this error or why the trial court relied upon it, but the trial court rejected the Bacons’ claims because they had not proven the claims “with certainty.” In context, it is obvious that the trial court relied on the wrong burden of proof in this case. Accordingly, we must remand this case to the trial court for it to apply the correct burden of proof.
 

 We are also concerned that the trial court appears to have misapplied the law relating to inferences within the evidence. The trial court’s judgment does not contain a section with extensive findings of fact. There is no requirement that a trial court include such a section in a Florida judgment in a nonjury trial. However, the judgment here does state:
 

 The proof offered by the Plaintiffs in that regard is largely circumstantial. The Plaintiffs suggest that the “writing was on the walls,” and urge this Court to consider the force and effect of the evidence and draw reasonable inferences. However, in doing so, where the evidence could suggest other reasonable possibilities for the loss, this Court concludes that it would have to make ultimate findings based upon the impermissible stacking of inferences.
 
 Stanley v. Marceaux,
 
 991 So.2d 938 (Fla. 4th DCA 2008) (the rule that an inference may not be stacked on another inference is designed to protect litigants from verdicts based upon conjecture and speculation, citing
 
 Voelker v. Combined Ins. Co. of Am.,
 
 73 So.2d 403 ([Fla.] 1954)). As such, the Plaintiffs are unable to establish the necessary facts to sustain a cause of action.
 

 Admittedly, the rules associated with inferences in Florida are sometimes difficult to apply. The rules in a civil case are more favorable to a plaintiff than the rules in a criminal case are to the State.
 
 Compare Voelker v. Combined Ins. Co. of Am.,
 
 73 So.2d 403 (Fla.1954),
 
 with Davis v. State,
 
 90 So.2d 629 (Fla.1956).
 

 In
 
 Voelker,
 
 the supreme court explained that when a litigant must rely on circumstantial evidence to prove its case:
 

 if the circumstances established by the evidence be susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented. ... Of course, if none of the inferences on the one hand accords with logic and reason or human experience, while on the other hand an inference
 
 *1288
 
 which does square with logic and reason or human experience is deducible from the evidence, the question is not for the jury but is one of law for the court.
 

 73 So.2d at 406. The rules announced in
 
 Voelker
 
 were intended to permit more cases involving circumstantial evidence to be submitted to the finder of fact.
 
 Voelker
 
 was also intended to limit the trial court’s power to grant directed verdicts in cases where the evidence was largely circumstantial.
 

 In this case, there was no jury, and the trial court was not granting a motion for involuntary dismissal. The trial court’s order seems to rely upon a perceived stacking of inferences in order to eliminate the need to decide disputed questions of fact by the greater weight of the evidence.
 

 In order to prove a fraudulent misrepresentation, a plaintiff must establish the five elements described in the case law and in the standard jury instruction for use in such cases: (1) the defendant intentionally made a false statement about a material fact; (2) the defendant either knew the statement was false when he or she made it or made the statement without knowledge of its truth or falsity; (3) the defendant intended the plaintiff to rely on the false statement; (4) the plaintiff relied on the defendant’s false statement; and (5) the plaintiff suffered damage as a result of relying on the false statement.
 
 See, e.g., Butler v. Yusem,
 
 44 So.3d 102, 105 (Fla. 2010); Fla. Std. Jury Instr. (Civ.) 409.7.
 

 The primary dispute in this case seems to hinge on whether persons on the Bonsey side of these negotiations knowingly made false statements of material fact concerning their best client’s business and their ongoing relationship with that client. We have reviewed the evidence presented at trial. Much of the evidence is not circumstantial. The documentary evidence speaks for itself. Without restricting the trial court on remand, it seems that this issue depends significantly upon the credibility of several witnesses. The “writing on the walls” referred to in the final judgment may be circumstantial evidence, but it is evidence that would suggest either that a witness is telling the truth or not. Circumstantial evidence can be useful in context to decide credibility. When circumstantial evidence is relevant to a single element of a party’s proof, it is unusual for the evidence to result in an impermissible stacking of inferences. Without findings of fact or a greater explanation within the judgment, we cannot determine what elements of the Bacons’ causes of action the trial court believes to be supported by impermissible inferences arising from circumstantial evidence, and we are inclined to believe that no such stacking of inferences actually exists in this case.
 

 Accordingly, we reverse and remand this case to the trial court for further proceedings. We are not mandating a new trial, and it may not be necessary for the trial court to receive any additional evidence. We are not, however, prohibiting the trial court from considering additional evidence in light of this opinion. The trial court must make a new decision using the proper burden of proof and utilizing the direct and circumstantial evidence in the record in accordance with the applicable law.
 

 Reversed and remanded.
 

 DAVIS and VILLANTI, JJ., Concur.
 

 [1]
 

 . The Bonseys’ theory was that the equipment being installed by their best customer could not efficiently make the type of simple products that the Bonseys produced in their more basic machine shop. At trial, they claimed that the new, sophisticated machinery at the customer's factory actually was a basis to anticipate more business in the future from the client. If this theory were accurate, it would seem to have been in their best interests to affirmatively disclose these facts to a potential purchaser rather than to enter into confidentiality agreements that severely limited the potential buyers’ access to their best customer prior to closing.